,Robertson,
delivered the opinion of the court.
This appeal is prosecuted to reverse a judgment ^damages, obtained by the appellees, *454 against the appellants, in an action on the case brought by the former against the latter.
The declaration contains three counts; and the only question presented by the assignment of errors, is, whether or not the circuit court erred in overruling demurrers which were filed to each count.
The 1st count avers that, for a reasonable price, the appellants undertook to build, with due skill, a mill for the appellees; but, in fact, built it so negligently and unskilfully, that it was “of little or no value;” and also charged more than a reasonable price.
The 2d count avers that the appellants, as millwrights, promised, fora reasonable price to be paid to them, to build a mill for the appellees, in a workmanlike manner, but, in fact, built it so unskilfully, that it was “of little or no value;” “whereby the plaintiffs lost much time, trouble, limber, &c. in attending to said workmen, and in keeping said mill, to their damage $300.”
The 3d count, after averring an assumpsit by the appellants to build, for a reasonable price to be paid to them, a mill for the appellees “in a skilful and workmanlike manner,” assigned two breaches:
1st. That the appellants had built the mill so negligently, that it was “of little or no value.”
2d. That they charged inore than a reasonable price.
The counsel for the appellants insists that, for four reasons, the circuit court erred in overruling the demurrers, or some one of them:
1st. Because no joinders were filed.
2d. Because there is no averment that any consideration had been paid.
3d. The special damage is not alleged with sufficient precision.
4th. Tho breaches are not all well assigned.
Each count, though unskilfully drawn,* is, in s stance and effect, good, and the judgment on rer right, notwithstanding all the objectl have been urged against them, and whic' briefly notice in their numerical ordeh
recor,j 5taies that a riemur-rtr ™i,s j"m* clerk ci-rfifies that he finds no joinder *!!«)= p pt r? on nje^ legal inference is that a joinder was filed, hntis mislaid. And, "i>enms"nn-oes, it is not indispen«ible, that the join-dor should be ,r,to toe recorcr,
On an as«uinp«it ^ without consideration, a person is not legally responsible Tor mere nonfeasance.
A person is under no legal obligation to perform a gratuitous premise. It see?ns that a person is not even liable for any special damage that may result from his omission to perform a niz&ed promise. But when a per-on attempts to do what he, has, without any consideration, promised to do, he wiii be liable for misfeasance.
*455 1st. The record stales that all the demurrers were joined; but the clerk has certified, that he found no joinders among the papers on file in his office. The iegal inference from this state of case is, that joinders were actually filed, but have been mislaid. In such a case it is not indispensable that they should be copied into the record. Like a similiter or plea °f not guilty, or non-assumpsit, they are general without regard to form; and the only object of copying them would be, to shew that issues had been taken t i , ( „ _ ( on the demurrers. 1 his does appear from the cord, without copies of the actual joinders. J
Moreover, it appears that all the demurrers were not, in fact, formally filed; but the record shews that they were understood as filed; and this, in such a matter, is sufficient, as is also, a fortiori, the simple certificate that joinders were filed.
2d. This objection applies to all the counts; but it is clearly insufficient. The rational as well as the j legal deduction from each count is, that the appellants were, by contract, to be paid a reasonable compensation for their work. To the sufficiency of tile declaration, upon demurrer, it was not necessary to be more specific in avcring the consideration. The only motive which could have prompted the averment of any consideration, was to shew that the contract was not a nude pact.
If it had been necessary to aver a consideration, it was not necessary to allege that it had been paid. But the averment of consideration was unnecessary. For mere non-feasance a party will not be legally responsible on an assumpsit, without consideration. In this respect, the common law has adopted the maxim of the civil law; “ax nudo pacto non oritur actio f a person is under no legal obligation to perform a gratuitous promise. And it seems to be the prevalent opinion (though chancellor Kent has ingeniously combatted it,) that a person.is not even liable for any special damage that may have resulted from his omis->n, to perform a naked promise.
But when a person attempts to do what he had io do, even without any consideration, he Fable for misfeasance; Jones on bailment; *456 Wheaton’s Selwyn; (I. vol. 33,) Ib. (304;) II. Johnson’s cas. (92;) Coggs vs. Bermand; Ld. Raymd. (909.)
Count which shews a cause of action independently of special damage, is good on demurrer, although it contain an averment of special damage which is insufficient to authorize a verdict for special damages.
Genera! demurrer, to a decía ration which contains several counts, or to a count which contains several breaches, should be Overruled, if any one count or breach be good.
As each count in this declaration charges a misfeasance, it is, therefore, not material whether (he consideration be well averred or not; nor whether any consideration had been paid or promised.
3d. Asa cause of action was shewn independently of any special damage, it was not material whether the averment of special damage was well made or not. No defect in any such accessory averment can be taken advantage of on demurrer, if the count be good without the averment of special damage, it should be deemed good, on demurrer, even though that averment be insufficient to authorize a verdict for special damage. We need not, therefore, deride whether or not the special damage is, in this case, well averred.
4th. Two breaches are assigned in the 1st and 3d counts, to-wit: the unskilful execution of the work, and the exorbitance of the charge for it.
The 1st breach is well assigned; the 2d contains no cause of action. In the first count (here is no averment, that the appellants promised that their charge should be reasonable, and therefore, the averment in that count, that the charge was unreasonable, is inappropriate and redundant. But it can be considered, on that account merely, only as sur-plusage. Considered however, as a distinct breach, it is equally insufficient in both counts. But as there was one good breach in each count, it was proper to overrule the demurrers. It is a well settled doctrine of the law of pleading, that a general demurrer to a declaration containing several counts (legally joined,) or to a count containing several breaches, should be overruled, if any one count or breach be good; for,in such a case, though some of the counts or breaches be defective, the plaintiff may nevertheless shew himself entitled to a recovery on the good count or breach; and therefore, as the declaraiic exhibits a good cause of action, and as the defend has chosen to file a general demurrer to tt declaration, his demurrer could not, with^ *457 or justice, be sustained; I. Saunders' Repts. (286 and n. 9;) II. Ib. (380 n. 14;) I. Wilson, 248; Com. Digt. (485:) Roe vs. Crutchfield; I. Henning and Munford, (360.)
Caperion for appellant; Anderson, for appellee.
But according to the common law, a general verdict could not be sustained on a declaration containing a defective count oi breach; because it was a deduction of law that, as the jury had not discriminated, they had assessed damages on ail the count* or breaches.
The common law, in this particular, so far as it applied to a general verdict on several counts, has been repealed by a statute of this state, (43d sec. of an act of 1796, [. Digt. 255.) But, although this section might, and perhaps should, by a liberal construction, have been expounded as embracing breaches as well as counts, (because precisely the same reason applied to both.) Yet this court has hitherto authoritatively established a more literal and restricted interpretation, which excludes the esse of several breaches from the operation of the statute, and leaves them still at the mercy of the common law.
It would seem therefore, (bat as a general verdict was rendered in this case, the circuit court might have arrested the judgment cx officio; and that the judgment, as rendered, might have been reversed. B it as the only error assigned, is that imputed to the court in overruling the demurrers; this court is not allowed to notice or regard any other, however flagrant it may be.
Wherefore, as the circuit court did not err in overruling the demurrers, thejudgment must be affirmed.